NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD VON TOBEL,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>JAMES BENEDETTI; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>    Respondents-Appellees. | No. 18-15892<br><br>D.C. No.<br>3:10-cv-00073-LRH-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Before: SILER,[**] BYBEE, and R. NELSON, Circuit Judges.

Gerald Von Tobel, a Nevada state prisoner, appeals the district court's denial

of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28

U.S.C. § 2253 and we affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Von Tobel was convicted in 2005 of numerous counts of physical and sexual abuse of his girlfriend's three children. After the jury was released, the judge invited them to "stay and chat" with the attorneys to "discuss the case." When asked what factors in the case had an impact on the verdict, Juror No. 200 stated: "It's like my neighbor, who is a cop, always says, '[h]e wouldn't be here if he didn't do something.'" This comment resulted in a motion for a new trial and an evidentiary hearing. At the evidentiary hearing, Juror No. 200 testified that his neighbor's comment had no effect on him or the verdict. The court denied Von Tobel's motion for a new trial and the Nevada Supreme Court affirmed the denial. Von Tobel then filed a federal habeas petition challenging the propriety of the test used by the Nevada Supreme Court to evaluate new trial motions resulting from juror misconduct. The district court denied the petition, but granted a certificate of appealability.

A district court's denial of a petition for habeas corpus under 28 U.S.C. § 2254 is reviewed de novo. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). A federal court cannot grant a petition for habeas corpus to a prisoner in state custody for a claim that was adjudicated on the merits in state court unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

After the Nevada Supreme Court's decision in this case, this court recognized that a two-part test derived from two Supreme Court cases—*Remmer v. United States*, 347 U.S. 227 (1954), and *Mattox v. United States*, 146 U.S. 140 (1892)—constitutes clearly established federal law for analyzing improper contacts between jurors and outside parties. *See Godoy v. Spearman*, 861 F.3d 956, 964 (9th Cir. 2017) (en banc). Von Tobel contends that the test from *Meyer v. State*, 80 P.3d 447 (Nev. 2003), used by the Nevada Supreme Court to evaluate the contact between Juror No. 200 and his neighbor is contrary to, or an unreasonable application of, the *Mattox/Remmer* test. It is not.

Under *Meyer*, to obtain a new trial based on juror misconduct the petitioner must show that (1) the misconduct occurred and (2) the misconduct prejudiced him. 80 P.3d at 455. If the misconduct is deemed "egregious," there is a conclusive presumption of prejudice without the petitioner's having to show actual prejudice. *Id.*

Under *Mattox/Remmer*, the court first asks "whether the contact was 'possibly prejudicial.'" *Godoy*, 861 F.3d at 962 (quoting *Mattox*, 146 U.S. at 150). If so, the contact is "presumptively prejudicial" and the court moves to step two where "the 'burden rests heavily upon the [state] to establish' the contact was actually 'harmless.'" *Id.* (quoting *Remmer*, 347 U.S. at 229).

Von Tobel contends that *Meyer* is contrary to *Mattox/Remmer* because it placed a more onerous burden on him to show prejudice. He argues that under *Mattox/Remmer*, he only has to show that the contact was possibly prejudicial—which is a low threshold—whereas *Meyer* required him to show that the contact actually prejudiced him. Von Tobel misreads *Meyer*. *Meyer* only requires the petitioner to show "a reasonable probability or likelihood that the juror misconduct affected the verdict" in order to prevail on a motion for a new trial. 80 P.3d at 455. The Nevada Supreme Court had defined a reasonable probability as a "probability sufficient to undermine confidence in the outcome." *Lobato v. State*, 96 P.3d 765, 772 (Nev. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In *Godoy*, we described the petitioner's burden under *Mattox/Remmer* as requiring the petitioner to present "evidence of an external contact that has a tendency to be injurious to the defendant" or "evidence of a contact sufficiently improper as to raise a credible risk of affecting the outcome of the case." 861 F.3d at 967 (internal quotation marks and citations omitted). "[A] probability sufficient to

undermine confidence in the outcome," *Lobato*, 96 P.3d at 772, is similar to "rais[ing] a credible risk of affecting the outcome," *Godoy*, 861 F.3d at 967. And, most importantly, neither *Mattox* nor *Remmer* precisely delineates the petitioner's burden. So, even if the burdens under *Meyer* and *Godoy* are different, there was no decision of the Supreme Court that precludes the Nevada Supreme Court from requiring the petitioner to show a reasonable probability or likelihood that the contact affected the verdict. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam) (stating that Supreme Court cases must give a "clear answer to the question presented" to be clearly established federal law).

Von Tobel also contends that the application of the *Meyer* test here is contrary to, or an unreasonable application of, *Mattox/Remmer* because the Nevada Supreme Court did not presume Juror No. 200's contact with his neighbor was prejudicial. He argues that *Meyer* requires contact to be egregious for a contact to be presumptively prejudicial, whereas *Mattox* and *Remmer* establish a "low threshold" for a contact presumptively prejudicial. *Godoy*, 861 F.3d at 967 (quoting *Tarango v. McDaniel*, 837 F.3d 936, 949 (9th Cir. 2016)). However, the presumptions of prejudice in *Meyer* and in *Mattox/Remmer* are wholly different concepts. In *Meyer*, if the petitioner shows that egregious misconduct occurred, there is a conclusive presumption of prejudice without the petitioner's having to show prejudice. *Meyer*, 80 P.3d at 455. If the misconduct is not egregious, the

presumption of prejudice does not apply, and the petitioner retains the burden to show a reasonable probability that the misconduct affected the verdict. *Id.* In *Mattox/Remmer*, after the petitioner shows contact that is possibly prejudicial occurred, there is a rebuttable presumption of prejudice. *Godoy*, 861 F,3d at 967. Thus, the two presumptions of prejudice are different conceptually—one obviates the need to show any prejudice and the other indicates the petitioner has met his burden of showing possible prejudice. But both *Meyer*—in those cases deemed non-egregious—and *Mattox/Remmer*—in all cases—require the petitioner to show that the juror misconduct resulted in at least possible prejudice. Whether the state and federal tests diverge after this point is of no issue here, because Von Tobel failed to make this threshold showing. And so, denying the petition in this case is not contrary to, or an unreasonable application of, clearly established federal law.

Von Tobel also requests that we expand the certificate of appealability to include his claims of actual innocence and ineffective assistance of counsel. *See* 28 U.S.C. § 2253(c)(1); 9th Cir. R. 22–1(e). We decline to do so because Von Tobel has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For these reasons, the district court correctly denied Von Tobel's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**AFFIRMED**.

18-15892